UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SARAH BUTLER, | ) | CASE NO. 1:11-CV-680 |
| | ) | |
| Plaintiff, | ) | JUDGE LESLEY WELLS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE MCHARGH |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | REPORT & RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

This case is before the Magistrate Judge pursuant to Local Rule 72.2(b). The issue before the undersigned is whether the final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff Sarah Butler's application for a Period of Disability and Disability Insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, is supported by substantial evidence, and therefore, conclusive.

For the reasons set forth below, the Court recommends that the decision of the Commissioner be VACATED and REMANDED back to the Social Security Administration.

I. INTRODUCTION & PROCEDURAL HISTORY

On May 22, 2006, Plaintiff Sarah Butler ("Plaintiff" or "Butler") applied for a Period of Disability and Disability Insurance benefits, alleging that she became disabled on June 15, 2004 due to suffering from arthritis, degenerative disc disease, herniated nucleus pulposus of L3/4 and L4/5, major depressive disorder, recurrent, post traumatic stress disorder, obesity and a back injury from June 2004. (Tr. 13, 85, 90, 193-98, 215). Plaintiff's application was denied initially on August 10, 2006, and later on reconsideration on November 16, 2006. (Tr. 85-86). Thereafter, Butler requested a hearing before an administrative law judge to contest the denial of

her request for benefits. (Tr. 120). The Social Security Administration granted Plaintiff's request and scheduled a hearing. (Tr. 123-27).

On July 13, 2009, Administrative Law Judge Deborah A. Arnold ("ALJ Arnold" or the "ALJ") convened a hearing via video to evaluate Plaintiff's application. (Tr. 55-84). The ALJ presided over the hearing from Falls Church, Virginia, and Butler, along with her attorney, appeared in Cleveland, Ohio. (Tr. 90). Vocational expert, Mr. Ted Macy, also appeared and testified. (Tr. 76-83).

On September 3, 2009, ALJ Arnold issued a decision and determined that Butler was not disabled from the time of her alleged onset date through September 30, 2006, her date last insured. (Tr. 90-101). However, Plaintiff requested that the ALJ reopen and revise the decision, arguing that Butler's benefits did not actually expire until March 31, 2009. (Tr. 153-58). ALJ Arnold granted the request by vacating the prior decision and scheduling a new hearing. (Tr. 160-61).

On November 13, 2009, the ALJ conducted a second hearing via video to reassess Plaintiff's application for benefits. (Tr. 32-54). ALJ Arnold presided over this proceeding from Orlando, Florida, and Butler and her attorney again appeared in Cleveland, Ohio. (Tr. 13). Vocational expert, Ms. Jane Beougher (the "VE"), also appeared and testified at the hearing. (Tr. 47-52). On January 20, 2010, the ALJ issued a second determination which also denied Plaintiff's request for benefits. (Tr. 13-25). In her written decision, ALJ Arnold applied the

five-step sequential analysis,[1] and concluded that Butler retained the ability to perform work which existed in significant numbers in the national economy.

Following this ruling, Plaintiff sought review of the ALJ's decision from the Appeals Council. (Tr. 8-9). However, on February 4, 2011, the Appeals Council denied Butler's request, thereby making the ALJ's decision the final decision of the Commissioner. (Tr. 1-6). Butler now seeks judicial review of the Commissioner's final ruling. Judicial review is proper pursuant to 42 U.S.C. §§ 405(g) and 1383(c).

Butler, born on June 27, 1967, was 42 years old at the time of both hearings before ALJ Arnold. (Tr. 85, 59). Accordingly, at all relevant times, Plaintiff was considered a "younger person" for Social Security purposes. *See* 20 C.F.R. § 404.1563(c). Butler has a bachelor's

---

[1] The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability." *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Sixth Circuit has summarized the five steps as follows:

(1) If a claimant is doing substantial gainful activity – i.e., working for profit – she is not disabled.

(2) If a claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.

(3) If a claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

(4) If a claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.

(5) Even if a claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

degree and experience working in various roles as a social worker, case manager, day care teacher, telemarketer and job interviewer. (Tr. 77).

## II. ALJ's DECISION

ALJ Arnold made the following relevant findings of fact and conclusions of law. At step one of the sequential analysis, she determined that Butler had not engaged in substantial gainful activity since June 15, 2004, Butler's alleged onset date, through March 31, 2009, the date Butler's benefits expired. (Tr. 15). At the second step, ALJ Arnold held that Butler suffered from the following severe impairments: narcissistic personality disorder, bipolar disorder, cannabis abuse, degenerative disc disease, degenerative joint disease of the knees and obesity. (Tr. 16). At step three, the ALJ ruled that none of Butler's impairments, individually or combined, met or equaled one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16-17). But, before moving to step four, the ALJ assessed Butler's residual functional capacity ("RFC") to work. (Tr. 18-23). ALJ Arnold determined that Butler retained the ability to perform a "reduced range of sedentary work". (Tr. 18). Because Plaintiff was restricted to this type of work, the ALJ concluded that she was not able to return to any of her prior jobs because those positions required greater skill than that which Butler now possessed. (Tr. 23). However, at the final step in the analysis, the ALJ found that there were other jobs, existing in significant numbers in the national economy, which Butler could successfully perform. (Tr. 23-25).

## III. DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance and/or Supplemental Security Income benefits only when she establishes disability within the meaning of the Social Security Act. *See* 42 U.S.C. §§ 423, 1381. A claimant is considered disabled when she cannot perform

"substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." *See* 20 C.F.R. §§ 404.1505, 416.905.

## IV.  STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence, and whether, in making that decision, the Commissioner employed the proper legal standards.  *See Cunningham v. Apfel*, 12 F. App'x 361, 362 (6th Cir. 2001)*; Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)*; Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence.  *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed*.  Id.*  The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently or substantial evidence also supports the opposite conclusion.  *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)*; Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).  This Court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. *See Garner*, 745 F.2d at 387.  However, it may examine all the evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision.  *See Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

V.  ANALYSIS

Butler challenges the Commissioner's final decision on two grounds.  First, Plaintiff argues that ALJ Arnold failed to consider the entire record when assessing her credibility and RFC.  Second, Butler alleges that neither the ALJ's RFC finding nor the hypothetical question the ALJ posed to the VE adequately accounted for all of her impairments.  Plaintiff's first assignment of error has merit.

1.  ALJ's Consideration of Record Evidence

Butler maintains that ALJ Arnold erred by failing to consider specific records when she was assessing Plaintiff's credibility and residual functional capacity.  Specifically, Plaintiff questions the ALJ's failure to consider the following medical evidence in the record: a doctor's office note from October 2007 (Tr. 418, "Ex. 16F"), documents illustrating Plaintiff's visits to the emergency room for psychiatric reasons in July 2007 (Tr. 419-51, "Ex. 17F") and treatment notes and other documents showing that Plaintiff was admitted to two psychiatric facilities between November and December 2007 for extended periods of time each occurrence. (Tr. 452-67, "Ex. 18F" & Tr. 468-74 "Ex. 19F").

In her written opinion, the ALJ acknowledged that Plaintiff's impairments could reasonably be expected to cause her symptoms, but ALJ Arnold concluded that Butler's statements regarding the severity of her symptoms were not entirely credible.  ALJ Arnold also indicated that Plaintiff had not established that her impairments were disabling through the date her benefits expired on March 31, 2009.  The ALJ particularly highlighted that the records from Butler's treating physician at the Cleveland Clinic, addressing her mental health, predated Butler's alleged onset date.  ALJ Arnold acknowledged that there was evidence in the record showing "emergency room visits and hospitalizations" for mental health care, but noted that

6

these records "occurred after [Butler's] date last insured." (Tr. 22). The ALJ specifically cited Exhibits 16F through 18F in making this statement.

Because the records at issue were all created in 2007 and Plaintiff maintained her insured status through March 31, 2009, it is evident that the ALJ's characterization of these records as falling outside of the relevant period is incorrect. Butler argues that the ALJ's decision to disregard this evidence negatively impacted the ALJ's view of her credibility because had ALJ Arnold considered such she would have found that Butler's testimony was consistent with the medical records. The Commissioner concedes that the ALJ mischaracterized the status of Exhibits 16F through 18F, but argues that these records do not contain information which undermines ALJ Arnold's ruling. The Commissioner also disagrees with Plaintiff regarding the ALJ's treatment of the evidence contained in Exhibit 19F. Though Butler accused the ALJ of ignoring this evidence, the Commissioner contends that the ALJ did adequately consider these records as evidenced by the ALJ's inclusion of Butler's impairments of narcissistic personality disorder and bipolar disorder in her finding at step two of the sequential analysis. The Commissioner suggests that the ALJ could have only referenced these diagnoses by reviewing the documents in Exhibit 19F.

It is the ALJ's responsibility to make decisions regarding the credibility of witnesses. "An ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since [the] ALJ is charged with the duty of observing a witness's demeanor and credibility." *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 806 (6th Cir. 2008) (*citing Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)). Notwithstanding, the ALJ's credibility finding must be supported by substantial evidence, *Walters*, 127 F.3d at 531, as the ALJ is "not free to make credibility determinations based solely upon an 'intangible or

7

intuitive notion about an individual's credibility.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

The ALJ is also charged with the ultimate responsibility of determining a claimant's RFC. *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010); 20 C.F.R. § 404.1546(c). The ALJ's RFC finding will stand where it is supported by substantial evidence. *See Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 851 (6th Cir. 1986). "The substantial evidence standard 'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference from the courts.'" *Wesley v. Comm'r of Soc. Sec.*, No. 99-1226, 2000 WL 191664, at *4 (6th Cir. Feb. 11, 2000) (Table) (*citing Mullen*, 800 F.2d at 545).

At the outset, the Court notes that ALJ Arnold's initial ruling was vacated due to her failure to adjudicate Plaintiff's disability status between October 1, 2006 and March 31, 2009. Although this change increased the relevant time period under review by approximately two and a half years, ALJ Arnold's latter opinion is largely identical to her original opinion. Furthermore, despite her knowledge of the prior error, ALJ Arnold again incorrectly referenced the date Butler's insured status expired by erroneously omitting probative evidence from her review.

The undersigned agrees with Plaintiff that the ALJ's credibility finding is not supported by the record, and that consideration of these records could have positively impacted the ALJ's perception of Plaintiff's credibility and RFC. Although the ALJ is not required to cite every piece of evidence in the record, the ALJ is obliged to consider the evidence as a whole in making a determination. *Boseley v. Comm'r of Soc. Sec.*, 397 F. App'x 195, 199 (6th Cir. 2010); *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507-08 (6th Cir. 2006). The evidence

8

contained within Exhibits 18F and 19F are of particular importance because they depict two lengthy periods of time in which Butler was admitted and confined to mental health facilities during the period under review.  Exhibit 18F reflects Butler's stint at the Windsor-Laurelwood Center for Behavioral Medicine.  Butler was admitted to the facility on November 15, 2007 and was not discharged until 13 days later on November 28, 2007.  On admission, Dr. James Psarras rated her GAF score between 15 and 25, and at a score of 25 at her time of discharge.  (Tr. 453-54, 466-67).  Exhibit 19F contains records from Heartland Behavioral Healthcare documenting Plaintiff's treatment there.  Butler was admitted to this facility on November 30, 2007, just days after she was discharged from Windsor-Laurelwood.  She was confined to this center for 19 days before she was discharged on December 19, 2007.  At the time of her discharge, Dr. Venkat Balsa assessed her GAF score at 15.

      Though these two hospitalizations may not be solely determinative of whether Butler was disabled, they certainly bolster Plaintiff's claims that her mental impairments significantly restricted her ability to work.  ALJ Arnold disregarded Plaintiff's credibility in part because she found that the record lacked evidence showing that Plaintiff was severely limited.  At a minimum, these records demonstrate that Plaintiff's impairments were severe enough for her to be committed to mental health facilities for extended durations totaling more than 30 days.  Thus, these records were worthy of consideration, and the ALJ's admitted failure to evaluate them undercuts her finding that Butler's statements were not fully credible, and justifies remand.

      Although the ALJ did not explicitly indicate that she was omitting Exhibit 19F from her review, the undersigned is not persuaded by Defendant's justification of the ALJ's treatment of this evidence.  This exhibit contains the records from Plaintiff's second mental health hospitalization.  The Commissioner asserts that ALJ Arnold considered this evidence because the

ALJ acknowledged two of the diagnoses noted on the paperwork discharging Plaintiff from this facility.  However, the ALJ also named these two diagnoses as severe impairments in her initial opinion which only assessed Plaintiff's disabled status through September 2006, thus undermining Defendant's argument that the ALJ must have considered these records in order to have listed them at step two of the sequential analysis.  Interestingly, the ALJ's decision makes no mention or reference to this period of hospitalization which lasted for 19 days.  While "an ALJ's failure to cite specific evidence does not indicate that it was not considered", *Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 489 (6th Cir. 2005) (*citing Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004)), it is unusual that evidence so demonstrative of the extent of Plaintiff's mental impairments was not mentioned at all by the ALJ.  Because the ALJ will now have a third chance to review Butler's application, it would behoove the ALJ to examine these records and to explicitly indicate how they affect her assessment of Plaintiff's credibility and RFC.

### 2. Hypothetical Question Posed to VE

Butler also submits that the hypothetical question the ALJ posed to the VE did not properly account for all of her limitations.  Specifically, Plaintiff contends that the ALJ's hypothetical question failed to incorporate all of the limitations announced by Dr. Patricia Semmelman, the state agency psychologist who reviewed Butler's medical records, even though the ALJ stated that she credited Dr. Semmelman's opinion.

On August 1, 2006, Dr. Semmelman completed a Mental Residual Functional Capacity Assessment ("MRFCA") evaluating Plaintiff's level of mental functioning.  (Tr. 382-85).  In Section I of the MRFCA, Dr. Semmelman opined that Plaintiff suffered from a moderate limitation in the following three areas: 1) completing a normal workday and workweek without

interruptions from psychologically based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods; 2) accepting instructions and responding appropriately to criticism from supervisors; and 3) responding appropriately to changes in the work setting. But, in Section III of the MRFCA, Dr. Semmelman indicated that Butler was capable of performing work which involved "routine repetitive tasks". (Tr. 384). The doctor noted that Plaintiff was intellectually capable of performing more complex tasks, "but due to her reported problems with stress tolerance, she would do better in jobs that involve[d] little change in routine and with[] [no] direct public contact." (*Id*.)

During the hearing, ALJ Arnold posed a question to the VE describing a hypothetical person who retained the ability "[t]o perform routine repetitive tasks, [with] only occasional interaction with the public and coworkers; occasional lifting of 20 pounds and frequent lifting of 10 pounds; [and] standing and walking for brief periods for a total of no more than two hours in an eight-hour day." (Tr. 49). Relying upon *Ealy v. Commissioner of Social Security*, 594 F.3d 504 (6th Cir. 2010), Butler argues that this hypothetical did not adequately account for Dr. Semmelman's finding that Plaintiff had a moderate limitation in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, as listed within the MRFCA.

In *Ealy*, the Sixth Circuit ruled that a hypothetical question limiting an individual to "simple, repetitive tasks" was not sufficient to convey restrictions on the pace, speed, and concentration level of the person's work, but *Ealy* dealt with a different issue than that presently before the Court. 594 F.3d at 516-17. In that case, two of Ealy's physicians completed a MRFCA and in Section I of the form noted that Ealy had moderate limitations in eight areas of

mental functioning. In addition, in Section III of the MRFCA, one of the physicians further opined that Ealy would only be able to "sustain attention to complete simple repetitive tasks for two-hour segments over an eight-hour day where speed was not critical." *Ealy*, 594 F.3d at 516. In discussing which limitations the ALJ was required to include in its hypothetical question, the Court stated:

> Though the parties argue at length whether and under what circumstances it is sufficient for an ALJ to include in a vocational hypothetical only the Section III Functional Capacity Assessment and not also the more specific checked limitations in Section I, we need not resolve this issue. Even assuming, favorable to the Commissioner, that Dr. Scher's conclusions in Section III sufficiently incorporate all of the information that a vocational expert would need to make a legitimate assessment, the ALJ's hypothetical failed to provide the vocational expert with a fair summary of those conclusions.

*Id*. Thus, *Ealy* addressed whether remand was necessary when an ALJ failed to incorporate limitations set forth in Section III of the MRFCA. The Court specifically noted that it was not addressing the issue of whether it is necessary for an ALJ to incorporate limitations announced in Section I of the MRFCA – the issue presented today. Accordingly, *Ealy* does not support Butler's argument.

Though *Ealy* did not resolve the issue, this Court has previously determined that an ALJ is not required to include the findings contained within Section I of a MRFCA in the ALJ's RFC assessment. *Velez v. Comm'r of Soc. Sec.*, No. 1:09-CV-0715, 2010 WL 1487599, at *6 (N.D.Ohio Mar. 26, 2010) (Gallas, J.) ("In general, . . . the ALJ is not required to include the findings in Section I in formulating residual functional capacity."); *see Earls v. Comm'r of Soc. Sec.*, No. 1:09-cv-1465, 2011 WL 3652435, at *5 (N.D.Ohio Aug. 19, 2011) (Wells, J.). These decisions have noted that Section I of the MRFCA, titled "Summary Conclusions", is "merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy

12

of documentation and **does not constitute the RFC assessment**." POMS DI 24510.060(B)(2)(a) (available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0424510060) (emphasis in original). Section III of the MRFCA, titled "Functional Capacity Assessment" is the "**actual mental RFC assessment** . . . explaining the conclusions indicated in section I, in terms of the extent to which these mental capacities or functions could or could not be performed in work settings." *Id*. at (B)(4)(a) (emphasis in original). As a consequence, ALJ Arnold was not required to include the findings in Section I of Dr. Semmelman's MRFCA in her RFC or hypothetical question posed to the VE. Instead, the ALJ appropriately incorporated the findings in Section III of the MRFCA into her RFC by limiting Butler to routine repetitive tasks with limited interaction with supervisors and the public. *See Earls*, 2011 WL 3652435, at 5. Nevertheless, remand is proper due to the ALJ's failure to consider all of the evidence in weighing Plaintiff's credibility.

## VI. DECISION

For the foregoing reasons, the Magistrate Judge finds that the decision of the Commissioner is not supported by substantial evidence. Accordingly, the undersigned recommends that the decision of the Commissioner be VACATED and REMANDED back to the Social Security Administration.

s/ Kenneth S. McHargh<br>
Kenneth S. McHargh<br>
United States Magistrate Judge

Date: April 20, 2012.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice. Failure to file objections within the specified

time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn, 474 U.S. 140 (1985)*; *see also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).